(60 South. 226.)

No. 19,227.

ASKEW v. PARKER, Sheriff, et al.

(Dec. 2, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 797*)—MOTION TO DISMISS—TIME OF MAKING.

A motion to dismiss on the ground that no appeal lies from an interlocutory judgment overruling a motion to dissolve on injunction comes too late when made more than three days after the filing of the transcript in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

2. APPEAL AND ERROR (§ 635*)—REVERSAL—INSUFFICIENT RECORD.

A case will be reversed and remanded, where it appears that, through inadvertence of counsel on both sides, records referred to in the pleadings were not filed in evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2776–2782; Dec. Dig. § 635.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action by Lizzie Askew against John P. Parker, Jr., Sheriff, and others. From an order refusing to dissolve an injunction, defendant M. Hirsch appeals. Reversed and remanded.

Dawkins & Dawkins, of Monroe, for appellant. H. D. Briggs and R. H. Oliver, Jr., both of Monroe, for appellee.

LAND, J. This is an appeal from an order overruling a motion to dissolve an injunction against further proceeding under a writ of executory process sued out by the defendant M. Hirsch.

The petition refers to another injunction in the same case, which had been dissolved because plaintiff had not been authorized to sue, and to a judgment rendered against the petitioner on the merits from which she had obtained and perfected an appeal to the Supreme Court. The petition further alleges that the property is advertised for sale, on the next day, and if allowed to sell will operate an irreparable injury to the petitioner. The petition further alleges that the petitioner is entitled to a writ of injunction, and for such purpose annexes by reference her original petition, and adopts each and every allegation therein contained.

The petitioner prays for a writ of injunction enjoining M. Hirsch and the sheriff from

further proceeding under the writ of executory process herein issued and from selling or attempting to sell the property described in the petition, and that the injunction be perpetuated until such time as final judgment is rendered. An order for injunction was granted as prayed for by the petitioner, and a writ issued to the sheriff restraining him from selling the property described in the original petition of the plaintiff in the same suit.

The defendant M. Hirsch appeared and averred that the plaintiff asked for and obtained an order for a devolutive appeal, and perfected only a devolutive appeal, and that such appeal did not arrest execution of the judgment, and therefore the injunction should be dissolved with the statutory interest and damages, and $50 for attorney fees, and the defendant prayed for judgment accordingly against the plaintiff and her bondsmen.

The motion to dismiss the injunction was taken up, evidence adduced, and the motion was overruled. The defendant Hirsch took a devolutive appeal from the judgment overruling his motion.

### On Motion to Dismiss.

[1] Plaintiff has moved to dismiss the appeal on the ground that no appeal lies from an interlocutory judgment overruling a motion to dismiss or dissolve an injunction. The defendant and appellant replies that the motion comes too late, as it was filed more than three days after the filing of the transcript. The objection is good. See Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 637, 37 South. 540.

### On the Merits.

[2] We find nothing in the record except the petition, affidavit, and order for the injunction; the bond, writ, and return thereon; the motion to dismiss, and the minutes of court; the appeal bond, and the certificate of the clerk. We find no evidence of any kind in the transcript. Counsel on both sides refer in their briefs to the main suit, which is pending before us on appeal; but the two appeals have not been consolidated, and, without the consent of counsel, we cannot consider the record and evidence in the other case.

We are satisfied that counsel on both sides and the judge below in the trial of the case considered the record of the main suit, as otherwise no judgment could have been rendered in the case. Through inadvertence, the record was not filed in evidence.

It is therefore ordered that the judgment below be reversed, and this case be remanded for further proceedings according to law; costs of this appeal to be paid by the appellant.