**36 So.2d 713**

**COTTON v. WRIGHT.**

**No. 34028.**

June 15, 1948.

Walter J. Suthon, Jr., of New Orleans, for appellant.

Cobb & Saunders, Morris Wright and Charles D. Marshall, all of New Orleans, for appellee.

PONDER, Justice.

This is a motion to dismiss an appeal from a judgment ordering an accounting.

The plaintiff brought suit against the defendant for the liquidation of communnity property and asked for an accounting from the defendant of his administration of the property. The defendant was ruled to show cause why he should not render the accounting, to which the defendant excepted on the grounds that the community had been re-established by a reconciliation between the parties that nullified the separation from bed and board. The exception was overruled and, on trial of the rule, the defendant was ordered to render an accounting. The defendant has appealed. The plaintiff has moved to dismiss the appeal on the ground that this Court is without jurisdiction to entertain an appeal from an interlocutory order or judgment that works no irreparable injury.

█ A decree of separation from bed and board carries with it a dissolution of the community which is not re-established by the reconciliation of the parties. It was pointed out in Crochet v. Dugas, 126 La. 285, 52 So. 495, that Article 1451 of the Code Napoleon, authorizing the re-establishment of the community by notarial act between the parties, had not been incor-

porated in the Louisiana Civil Code. Since that date a statute has been enacted, Act 200 of 1944, amending Article 155 of the Revised Civil Code authorizing the re-establishment of the community, upon reconciliation of the spouses, by notarial act. Since the spouses have not re-established the community in the manner prescribed by law, it stands dissolved.

█ A judgment ordering an accounting is not a final or definitive judgment. It is an interlocutory order or judgment and such as would work no irreparable injury. Benham Ziegler & Co., Inc. v. Mouledoux, 175 La. 711, 144 So. 428.

█ A motion to dismiss an appeal founded on the want of a legal right to the appeal may be made at any time. Such appeal may be dismissed by the court ex proprio motui. Sample v. Wheless, 159 La. 844, 106 So. 325; Mercadel v. Mercadel, 179 La. 895, 155 So. 391.

█ The defendant contends that the motion to dismiss the appeal was not filed within three days after the filing of the transcript of appeal and that it should not be considered. He cites Askew v. Parker, 131 La. 733, 60 So. 226; Saxon v. Southwestern Brick & Tile Co., 113 La. 637, 37 So. 540. The later jurisprudence of this State is to the contrary and founded on a more reasonable rule. The want of a legal right to appeal should be raised at any time and, if not raised, the court should on its own motion dismiss the appeal for

the reason that the law does not authorize such appeal.

For the reasons assigned, the appeal is dismissed at appellant's cost.