This is a suit for the liquidation and accounting of a partnership alleged to have existed between plaintiff and defendant. The judgment in the record decrees the liquidation of the partnership, orders an accounting by both parties, the taking of an inventory, and taxes costs incurred up to the date of signing of the judgment against the defendant. The case comes before us on an appeal perfected by the defendant in which his only complaint is with respect to that part of the judgment taxing costs. Plaintiff has filed a motion to dismiss on the ground that the amount in controversy exceeds the sum of $2,000.00, and, alternatively, he prays that the appeal be transferred to the Supreme Court.
In view of the fact that the appeal is directed solely and exclusively to that portion of the judgment taxing costs against the defendant, and in further consideration of the fact that we find nothing in the record which would establish the amount of the costs incurred to date of the judgment, we have no basis upon which to predicate a judgment of dismissal or transfer.
However, there can be no question as to the fact that the judgment appealed from is interlocutory in character. It is well established that, with rare exceptions, interlocutory decrees are not appealable, and this case does not come within any such exceptions. The following quotation from the opinion of the Supreme Court in Cotton v. Wright, 214 La. 169,36 So.2d 713, is determinative of the proper disposition of this appeal: *Page 615 
"A judgment ordering an accounting is not a final or definitive judgment. It is an interlocutory order or judgment and such as would work no irreparable injury. Benham Ziegler 
Co., Inc. v. Mouledoux, 175 La. 711, 144 So. 428.
"A motion to dismiss an appeal founded on the want of a legal right to the appeal may be made at any time. Such appeal may be dismissed by the court ex proprio motui. Sample v. Wheless,159 La. 844, 106 So. 325; Mercadel v. Mercadel, 179 La. 895,155 So. 391."
For the reasons assigned, and on the basis of the authorities cited, it is now ordered that this appeal be dismissed at appellant's cost.