CHASEZ, Judge.
Mrs. Carolyn d’St. Germain Maloney is appealing from a judgment dated June 24, 1966 rendered below in favor of her husband, Hardie Maloney, decreeing him to be the owner of the following property:
“ONE CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the SEVENTH DISTRICT of the City of New Orleans, Parish of Orleans, State of Louisiana, in Square No. 521, bounded by Camphor, Olive, Cecil and Palm Streets, which said lot of ground is designated by the LOT NO. 8, and commences at a distance of 100 feet, 9 inches, 0 lines from the corner of Camphor and Palm Streets, and measures thence 50 feet, 0 inches, 0 lines front on Camphor Street, the same in width in the rear, by a depth of 94 feet, no inches, no lines between equal and parallel lines, all in accordance with a sketch of survey made by Adloe Orr, Jr., C. E. dated October 5, 1953, and brought up to date on February 12, 1958, resurveyed June 7, 1963, and improvements bear Municipal No. 3518-20 Camphor Street.”
As well as:
“ONE CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging, or in any wise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that part thereof known as HIGHLAND ACRES SUBDIVISION, in Square G, per plan of W. F. Calongne, C. E., dated March 28, 1951, which said lot is designated as LOT NO. 60, and commences 2812 feet, 0 inches, 2 lines from Jefferson Highway and Orchard Road by 330 feet in depth, and measures 132 feet front on Orchard Road.”
And:
“A CERTAIN PORTION OF GROUND, together with all the buildings and improvements thereon and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in Square 47 of Canal Street Subdivision, bounded by William David Parkway East (formerly Park Street) Ursuline Street, William D'avid Parkway West (formerly Lakeshore Drive) and Dublin Street and Canal and Esplanade Avenue and, according to a survey by F. G. Stewart, C. E. & S. dated June 7, 1961, and recertified and redated, April 26, 1962, a copy of which is annexed to an act before Lienhard T. Kuh-ner, Notary Public, dated May 4, 1962, said lots are designated by the Nos. 69 and 70, adjoin each other and measure each twenty-five (25’) feet front on William David Parkway West, same width in the rear, by a depth of one hundred ten (110’) feet between equal and parallel lines; Lot No. 70 being closer to and commencing at a distance of one hundred fifty (150’) feet from the corner of Ursuline Street.
*133 Improvements located thereon bear the Municipal No. 1013 William David Parkway West.”
“Mr. Maloney has deposited the sum of $800.00 cash as a down payment on:
“A certain portion of ground designated as Lot 39 in Block “D”, Jourdan River Isles Subdivision, Hancock County, Mississippi.
“A balance of $300.00 due on the purchase price is still owing and title to said property is still vested in the name of the record owner.
“Collection of rare coins, purchase of which began in June, 1964, continuing until present date.
“Household furnishings purchased for the matrimonial domicile at 1013 William David Parkway West, purchased on or about September 3, 1965.
“Five hundred (500) shares, Capital Stock, Plardie Maloney Contractor, Inc., issued in name of Hardie Maloney under date April 27, 1964.”
The court also recognized the appellant, Mrs. Maloney, as owner of:
“One hundred (100) shares, Capital Stock, Plardie Maloney Contractor, Inc., issued in the name of Carolyn d’St. Ger-main Maloney under date April 27, 1964.”
The facts in this case are contained in a stipulation filed by the parties. The parties were married on December 3, 1961. They were then legally separated on June 17, 1963 by a judgment of the Civil District Court for the Parish of Orleans, rendered and signed on that date. Subsequently, Hardie Maloney purchased real estate described above as Lot 8, Square 521, in the Seventh District, City of New Orleans, by authentic act passed before a Notary Public on July 11, 1963. On November 10, 1963 the parties reconciled and thereafter established a matrimonial domicile in Jefferson Parish where they were living when they were again judicially separated by judgment of the 24th Judicial District Court of the Parish of Jefferson, rendered and signed on February 25, 1966. At no time did the parties appear before a Notary Public and two witnesses and execute an act for the specific purpose of re-establishing the community of acquets and gains subsequent to the reconciliation effected between them on November 10, 1963 as provided in Article 155, Louisiana Civil Code.
Article 155 reads:
“* * * Upon reconciliation of the spouses, the community may be re-established by husband and wife jointly, as of the date of the filing of the suit for separation from bed and board, by an act before a notary and two witnesses, which act shall be recorded in the conveyance office of the parish where said parties are domiciled, but which act shall be without prejudice to rights validly acquired in the interim between rendition of the judgment and recordation of the act of reconciliation.”
Property other than the purchase on July 11, 1963 was acquired after the reconciliation of November 10, 1963, as set forth above.
These consolidated cases came about as suits by the parties against each other for a separation from bed and board in which, among other things, the issue of the status of the above described property was raised.
The only question before us on this appeal is whether the community of acquets and gains was re-established between the parties after the rendition of the judgment of separation on June 17, 1963, in accordance with the provisions of Article 155 of the Civil Code. If the community was not re-established, then any property acquired subsequent to the judicial separation is not community property, even though acquired after the parties were reconciled and living together.
Counsel for appellant has argued vigorously for his client, but we find nothing in *134 bis argument which would alter the effect of the positive provisions of Article 155, as interpreted by the courts of this state and succinctly stated by the District Court.
“The facts show that there never was a notarial act to re-establish the community of acquets and gains between the parties as provided in Article 155 of Louisiana Civil Code. Our courts have held that the community is dissolved by virtue of a judgment of separation and the only way that it can be re-established is in the manner provided by Art. 155. Cotton v. Wright, 214 La. 169, 36 So. (2) 713, and Austin v. Succession of Austin, 225 La. 449, 73 So. (2) 312. Since the community of acquets and gains was dissolved by the judgment of separation on June 17, 1963, it follows that any property acquired thereafter does not belong to the community heretofore existing between the parties.”
In view of the foregoing, the fact that Hardie Maloney in giving his marital status in authentic acts in which he participated may have made the statement that he was married but once and then to Mrs. Carolyn d’St. Germain Maloney, with whom he was living and residing, or that Mrs. Maloney appeared to waive homestead exemption rights in authentic acts of purchase by Mr. Maloney, would have no effect on the status of the property.
We note that in the description of the property purchased by Mr. Maloney in the Canal Street Subdivision, Parish of Jefferson before Lienhard T. Kuhner, N.P., dated January 15, 1965, the lots are designated by the judgment of court as lots numbers 68 and 70. This is obviously a clerical error and should read lots numbers 69 and 70, as indicated by the certified copy of the Act of Sales thereof filed in the record. With this amendment to the description of the property, the judgment of the lower Court is affirmed. The appellant, Mrs. Carolyn d’St. Germain Maloney shall pay the costs of this appeal.
Amended and as amended affirmed.