SCHOTT, Judge.
Defendant appeals from a judgment awarded to plaintiff, an attorney at law, for $753.25 representing the balance claimed by the plaintiff on account of professional services rendered.
*240 The record consists entirely of plaintiff’s testimony at the conclusion of which defendant’s attorney submitted the matter stating that the defendant, Dr. Connell, was not present at the trial because he could not add to or subtract from anything plaintiff said.
In the summer of 1971 plaintiff was employed by defendant’s wife, Mrs. Connell, to file a suit for separation from bed and board against her husband. The suit was filed in August and by October, 1971, the Connells became reconciled. At the time of the reconciliation the Connells appeared at plaintiff’s law office to discuss the fee owed to the plaintiff for his services, not only in the representation of Mrs. Connell but also in connection with two other legal matters handled by plaintiff. For the services rendered to Mrs. Connell plaintiff presented a bill for $1401.75, made up of a fee of $1320.00 on the basis of 44 hours at $30.00 per hour, and court costs expended in the separation suit in the amount of $81.75. At that time plaintiff had been paid on the account $200.00, leaving a balance of $1201.75. Plaintiff had also handled the settlement of a claim on a policy of burglary insurance in the name of Mrs. Connell and secured a check payable to her in the amount of $3206.80 in connection with which he presented a bill to them of $50.00 for a fee and $1.50 for a telephone call in connection with the matter. The insurance policy was written and the loss covered thereby occurred before the couple had separated and while the community was intact. In connection with the settlement of this insurance claim the Connells both signed the statement in proof of loss although the check was payable only to Mrs. Connell. Finally, plaintiff was also handling for the couple a tort claim, and at that same meeting made a division of the gross recovery of $1500.00 so as to issue a check to them for $500.00 having deducted his fee for the handling of the tort claim in the amount of $500.00, and an additional $500.00 to be credited to the statement rendered for services performed in the representation of Mrs. Connell in the separation suit.
The balance of $701.75 on account of services in the domestic relations suit, and $51.50 in connection with the burglary insurance matter, totaling $753.25 due plaintiff, was discussed with defendant who agreed that the balance would be paid starting the following January. Some time after the meeting in plaintiff’s office in October, 1971, Mrs. Connell obtained a judgment of separation from defendant in Calcasieu Parish and thereafter plaintiff initiated this action for recovery of the balance due him as aforesaid.
Defendant specifies error in that the amount of the attorney’s fee awarded to plaintiff is excessive, that the portion of the fee incurred for the collection of the burglary insurance policy benefits was not owed by defendant since the policy was in the name of the wife and the proceeds were turned over to her, and alternatively that the judgment awarded by the trial court should have reflected that it was payable out of community property only.
With respect to the first specification of error, there is no contradiction to plaintiff’s testimony that he spent at least 44 hours of time representing Mrs. Con-nell. The Connells had a complicated financial situation in which a great part of their income of between $60,000 and $80,000 had been diverted to repair and renovation of some rental property owned by him before he was married and worth approximately $100,000. Plaintiff fully explained that much of the time taken in the representation of Mrs. Connell was necessitated by complex problems involved in the preparation for trial of alimony rules and the anticipated eventual settlement of the community. As to his hourly rate, this is reasonable so that plaintiff is entitled to recover the balance of $701.75 for professional services rendered to defendant’s wife.
*241 As to the $51.50 charged for the burglary insurance policy problem, while the policy was in the name of the wife the proceeds were collected while the community was in existence and consequently are presumed to have been community funds. Since the community collected the funds the community owes plaintiff the fee for his services in connection with their collection.
As to the third specification of error, the judgment of the trial court reads “against the defendant Michael Lee Con-nell, as head and master of the community” (emphasis supplied). The clear implication from this language is that the judgment is payable out of community property in accordance with settled jurisprudence to the effect that the attorney’s fee for the representation of the wife in a separation or divorce case is a debt of the community and there is no personal liability on the part of the husband for such a debt. Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794, and Estrade v. Chandler, 211 So.2d 762 (La.App. 4th Cir. 1968). Likewise the fee for the collection of the proceeds due under the insurance policy is also a community debt payable out of community funds. LSA-C.C. Art. 2403.
Plaintiff contends that defendant acquiesced in or acknowledged the debt when he authorized payment of $500.00 on the account out of the proceeds from the tort claim and when he agreed that the balance would be paid starting the following January. Plaintiff’s position is that defendant thereby made himself personally liable for the debt. But at the time of these events the community was still a viable entity and the evidence is not convincing that defendant was acting in any capacity other than as head and master of the community.
Accordingly, the judgment appealed from is affirmed but for the purpose of clarification is amended to reflect that the amount due plaintiff by defendant is payable out of community property. The costs of this appeal are assessed against plaintiff.
Amended and affirmed