345 So.2d 1020 (1977)
Edward Lee ARNOLD, Plaintiff-Appellant,
v.
Nancy Rai Cox ARNOLD, Defendant-Appellee.
No. 13238.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
*1021 James L. Fortson, Jr., Shreveport, for plaintiff-appellant.
Booth, Lockard, Jack, Pleasant & Lesage by H. F. Sockrider, Jr., Shreveport, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Edward Lee Arnold filed suit on August 23, 1976, against Nancy Rai Cox Arnold for a divorce, or alternatively, a separation, custody of children, and a dissolution of the community of acquets and gains. Mrs. Arnold reconvened for similar relief and for attorney's fees. By supplemental pleadings, Arnold alleged that the community had previously been dissolved by a default judgment of separation granted him on March 20, 1963. Although he and his wife reconciled shortly after the judgment, no affidavit was executed re-establishing the community as required by La.C.C. Art. 155. He therefore contends that Mrs. Arnold has no right or interest in any of the property acquired after the 1963 decree of separation.
Mrs. Arnold contends the 1963 judgment never became a definitive judgment, and *1022 the reconciliation caused it to become extinguished or abated. Therefore, she contends the community continued in existence without the necessity of the parties executing an affidavit to re-establish it.
This position is based on the contention that service of process in the 1963 separation proceeding was domiciliary, and she was never served with a notice of the default judgment as required by La.C.C.P. Art. 1913.
Responsive pleadings asserting this position were filed in both suits by Mrs. Arnold. She requested they be consolidated for consideration of this issue.
The consolidation was ordered, and following trial, judgment was rendered granting the parties a separation on mutual fault and other ancillary relief not pertinent to the issues before us. The court further rendered judgment in both suits upholding Mrs. Arnold's contention that the 1963 separation had not become a definitive judgment, and the community continued in existence.
Arnold perfected an appeal from the judgment recognizing the continuation of the community. There is a dispute as to whether the appeal of one consolidated case brings the other case before us for review. A further question is raised as to whether the trial court could order the 1963 case consolidated after it had proceeded to judgment.
We do not find it necessary to resolve these procedural questions as the record in the 1963 proceedings was filed in evidence in the later case as an affirmative defense and may be considered by us.
Mrs. Arnold answered the appeal requesting an increase in the award made to her of attorney's fees for work performed on this appeal, and that the judgment be modified to cast appellant personally liable for her attorney's fees.
We find no error in the judgment, and affirm for the reasons given hereafter.
The record in the 1963 separation proceeding verifies Mrs. Arnold was not personally served with the petition initiating the action. Judgment against her was by default and no notice of the judgment has ever been served as required by La.C. C.P. Art. 1913. Actual knowledge of the separation judgment does not begin the running of the delay for applying for a new trial or taking an appeal. Hampson v. Hampson, 271 So.2d 898 (La.App.2nd Cir. 1972). Therefore, under the provisions of La.C.C.P. Arts. 1974, 3942, and 2087, the delay for applying for a new trial or taking an appeal had not begun to run when the reconciliation took place.
Such a judgment is in abeyance until these delays have expired. Hill v. Hill, 114 La. 117, 38 So. 77 (1905).
The reconciliation of the parties prior to the judgment becoming definitive has the effect of extinguishing or abating the judgment. This conclusion is supported by the decision of the Supreme Court in D'Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (1954). In that case, the court held an action of divorce was extinguished or abated by a reconciliation during the pendency of an appeal from a judgment granting a divorce.
Appellant argues the 1963 judgment of separation was a "final judgment" consistent with the definition of this term in La.C.C.P. Art. 1841, and that it dissolved the community of acquets and gains under La.C.C. Art. 155.
We do not believe this is the proper interpretation of Art. 155. In providing that "The judgment of separation from bed and board carries with it the separation of goods and effects . . ..", Art. 155 requires the judgment to be both final, as defined by Art. 1841, and definitive, as defined by Art. 1842.
The trial court was correct in holding that the community of acquets and gains continued to exist after the 1963 separation judgment and was in effect when the second action was filed.
Appellee concedes her only authority for requesting appellant be held personally *1023 liable for her attorney's fees is the Supreme Court decision in Creech v. Capital Mack, Inc., 287 So.2d 497 (La.1974) in which the court enabled the collection of community debts from the entirety of the husband's property.
We do not construe Creech as affecting the prior jurisprudence which has consistently rejected personal assessment of attorney's fees against the husband. See Lagarde v. Connell, 279 So.2d 239 (La.App.4th Cir. 1973).
Appellee also asked for an increase in the attorney's fees awarded to compensate for time spent on this appeal. In view of the limited resources of the community shown by the record, we are constrained to hold that the sum previously awarded in this instance is adequate for the entire proceeding including this appeal.
Appellee also contends the trial court erred in assessing the costs of court equally rather than taxing them entirely against the appellant. There does not appear to have been any abuse of the discretion vested in the trial judge under La.C. C.P. Art. 192 in casting both parties for costs of the proceeding in the trial court.
The judgment is affirmed. Costs of this appeal are to be paid by appellant.