GARRISON, Judge.
This is an appeal from a district court decree ordering that a new inventory be taken to include all assets acquired between the date of the marriage and the date of filing of the divorce petition.
The parties were married in 1936 and lived together as husband and wife until April 24, 1952, at which time Mrs. Smith filed for a separation. A default judgment was rendered in her favor on June 13, 1952, and Mr. Smith was granted a suspensive appeal to the Supreme Court on that same day. On December 2, 1952, Mr. Smith filed in the district court a motion to dismiss on grounds of an intervening reconciliation. No motion to dismiss was filed in the Supreme Court.
On July 23, 1953, the parties entered into an act entitled “Establishment of Community of Acquets and Gains.” On August 4, 1953, Mrs. Smith filed in the district court a motion to dismiss on grounds of reconciliation. On June 5, 1958, the Supreme Court dismissed Mr. Smith’s suspensive appeal pursuant to Court Rule VII, § 3, abandonment for want of prosecution within five years. Mr. and Mrs. Smith lived together as husband and wife from the date of reconciliation until December of 1966, when they physically separated.
On May 13, 1975, Mrs. Smith filed for a divorce which was granted on February 27, 1976. On December 8, 1976, a judgment *510 ordering a partition of the community property was rendered. Accordingly, on July 27, 1978, the appointed notary filed an inventory listing only those assets acquired by the parties prior to the 1952 judgment of separation.
Mrs. Smith moved to traverse the inventory arguing that the 1952 judgment of separation was never a final and definitive judgment, hence no dissolution of the community had ever occurred. The district court ordered that a new inventory be taken and that it include all assets acquired between October 14, 1936, the date of the marriage and May 13, 1975, the date of the filing of the petition for divorce. From that judgment, Mr. Smith appeals.
We agree with the conclusion of the trial judge that the judgment was never final, hence no dissolution of the community ever occurred. The effect of a suspensive appeal on a judgment of divorce is an issue well-settled in our jurisprudence. Indeed, in Zwikel v. Zwikel, 154 La. 532, 97 So. 850 (1923), Chief Justice O’Niell enunciated the rule of law still applicable today:
“The effect of a suspensive appeal from a judgment is to prevent its becoming effective or executory while the appeal is pending. As long as it remains thus in the power of the court to reverse or amend a judgment, the appellant may forfeit his right of appeal or the plaintiff may lose or forfeit his right of action. This is particularly true in divorce suits . . . ” At 851.
Clearly the judgment of the district court was suspended prior to the Rule VII dismissal by the Supreme Court.
The question of the occurrence of an intervening reconciliation while a judgment of divorce is on appeal has been previously addressed. Extinguishment or abatement of an action of divorce results from a reconciliation even during the pendency of a sus-pensive appeal from a judgment granting the divorce. Arnold v. Arnold, 345 So.2d 1020 (La.App.2nd, 1977); D’Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (1954). Accordingly, the ruling of the district court is affirmed.
• AFFIRMED.