COVINGTON, Judge.
This is an appeal by the plaintiff, Lynda Shipp Efferson,[1] from a declaratory judgment of the trial court in favor of the defendant, Chester Clay Efferson, dismissing the demands of the plaintiff and casting her for the costs, for written reasons assigned.
The judgment had the effect of holding that the judgment of separation signed on March 2,1970, terminated and dissolved the community of acquets and gains previously existing between the plaintiff and the defendant, and that all property acquired by the parties thereafter, and particularly corporate stock acquired by the appellee, was the separate property of the respective spouses. The District Court also held that the reconciliation, later in March of 1970, did not vitiate the effect of the separation judgment. The court below further held that, since the parties had few assets and had more debts than assets at the time of the 1970 separation, and since they had jointly used up the assets of the community *1295 to pay off community debts, “there was a final dissolution and/or partition of the community although such was not formally reduced to writing;” hence, there was no merit to the plaintiff’s argument about commingling of funds. The trial court further held that the evidence established that the earnings of the husband and wife following the 1970 separation were used in living expenses and were not invested in the particular corporate stock in question. We affirm.
The record shows that plaintiff-appellant, Lynda Shipp Efferson, and defendant-ap-pellee, Chester Clay Efferson, were married on July 28, 1958. Marital problems subsequently developed and the parties began living separate and apart in December of 1969. The wife filed a suit for separation from bed and board in the Family Court for the Parish of East Baton Rouge, on February 5, 1970. The husband reconvened for separation in his favor. On February 25, 1970, the Family Court rendered a judgment of separation in favor of Mr. Effer-son, granted custody of the children to Mrs. Efferson, and awarded child support. The judgment of separation was signed on March 2, 1970.
While the parties were living separate and apart, they opened a special checking account which required the signatures of both parties. They also sold all of the community assets and deposited the proceeds therefrom in the special bank account; and then wrote joint checks to pay bills. Thus, the former community, for all practical purposes, was totally liquidated, with no assets remaining.
Subsequently, between March 20 and 31, 1970, the parties reconciled; this was a time period which fell entirely within the time during which either party could have taken an appeal from the March 2, 1970, separation judgment, although neither party did appeal. They lived together until another separation suit was filed in the East Baton Rouge Parish Family Court on February 9, 1978. A judgment of separation was signed on June 29, 1978. After various proceedings, judgment was rendered on April 10, 1979, recognizing the final decree of divorce obtained on December 12, 1978, by Mr. Ef-ferson from the Chancery Court of Wilkinson County, Mississippi, as the judgment of the Family Court.
The present lawsuit was filed by Mrs. Efferson seeking a declaratory judgment that, due to the reconciliation within the time limits for taking an appeal, the community was not terminated by the 1970 separation judgment, but continued until the 1978 separation judgment, which culminated in a final divorce. She originally sought alternative relief, alleging that if the 1970 judgment did terminate the community, there was a commingling of the former community funds and the new separate property funds after their reconciliation, so that the separate funds lost their character as such and became community funds. Due to its finding that there was no community after March 2,1970 and that the earnings of both parties were expended after their reconciliation, the trial court found that the plaintiff’s argument about commingling of funds was inapplicable. That claim is not pursued in this appeal. Also, the plaintiff’s original petition requested injunctive relief to prohibit the alienation of the defendant’s interest in any property acquired during the alleged community property regime between 1970-1978. This injunctive relief was abandoned by the plaintiff prior to the trial below and is not a subject of this appeal.
Articles 136 and 155 of the Louisiana Civil Code are specific about the effect of a judgment of separation and a subsequent reconciliation of the spouses on the community of acquets and gains between the parties. Article 136 provides that separation terminates “the common concerns” which existed between the spouses. Article 155, as it read in 1970 (Act No. 178 of 1962), provided that the judgment of separation had the effect of separating the “goods and effects” of the community from the date of the filing of the suit, except for certain rights; however, upon reconciliation, the spouses could reestablish the community by executing an authentic act, duly recorded, *1296 to that effect, but which act could not adversely affect rights acquired between the separation judgment and the recording of the act of reconciliation.
In the instant case no act of reconciliation reestablishing the community was confected and recorded, and no appeal was taken from the March 2, 1970 separation judgment. It is, thus, the plaintiff-appellant’s argument that inasmuch as she and her husband reconciled prior to the expiration of the delays for appeal, the reconciliation abated and vitiated all effects of the judgment of separation, and in effect reestablished the community, although there was never executed a formal matrimonial agreement pursuant to Article 155 of the Louisiana Civil Code. We do not agree with this contention. Although a reconciliation, whether it occurs before or after the expiration of the delays for appealing from a judgment of separation from bed and board, vitiates the judgment in all other respects, it does not abate or vitiate the termination of the community.
In a case very similar to the case at bar, Jarreau v. Succession of Jarreau, 268 So.2d 101 (La.App. 1 Cir. 1972), writ denied, 263 La. 986, 270 So.2d 122 (1972), the Court held the community was terminated by the judicial decree of separation. The wife obtained a judgment of separation on November 19, 1960. On December 15, 1960, less than 30 days after the judgment of separation and before the delay for appeal had expired, the spouses were reconciled and continued to live together until the death of the husband. The separation judgment had not been appealed and the parties had not formally reestablished the community after the reconciliation. They had formally partitioned the community by act dated November 28, 1960.
In holding that the community had terminated and had not been reestablished, the Court said:
“We further hold that once the community of acquets and gains is terminated by judicial decree of separation, it can only be restored in compliance with the provisions of LSA-C.C. art. 155.” (268 So.2d at 104.)
In Cotton v. Wright, 214 La. 169, 36 So.2d 713 (1948), our Supreme Court said:
“A decree of separation from bed and board carries with it a dissolution of the community which is not re-established by the reconciliation of the parties.”
In Harang v. Harang, 317 So.2d 289 (La. App. 1 Cir. 1975), the Court ruled that it is the judgment of separation, not a formal partition of the community property, which terminates the community; and, once terminated by the judicial decree, the community may be restored, upon reconciliation of the spouses, only by a formal act duly recorded.
Similarly, in Corkern v. Corkern, 270 So.2d 209, 213 (La.App. 1 Cir. 1972), the Court expressly stated:
“The law is clear that once the community of acquets and gains is terminated such as by virtue of a judicial separation, the subsequent reconciliation of the spouses, although it operates to vitiate the judgment of separation in other respects, does not re-establish the community of acquets and gains which previously existed between the spouses, nor does it establish a new community of acquets and gains between the spouses. On the contrary, the spouses remain separated in property unless and until they both agree to avail themselves of the privilege of re-establishing the community of acquets and gains as provided for by Louisiana Civil Code Article 155, Austin v. Succession of Austin, 225 La. 449, 73 So.2d 312 (1954); Barnes v. Barnes, 207 So.2d 895 (La.App. 1st Cir. 1968); Maloney v. Maloney, 197 So.2d 131 (La.App. 4th Cir. 1967); Sylvester v. Sylvester, 137 So.2d 716 (La.App. 3rd Cir. 1962).”
Moreover, in Austin v. Succession of Austin, 225 La. 449, 73 So.2d 312 (1954), noted 29 Tul.L.Rev. 144 (1954), our Supreme Court specifically held that, after the judicial decree of separation, the community could be reestablished upon reconciliation of the spouses only by compliance with Article 155 of the Civil Code, providing for reestablishment by notarial act.
*1297 The appellant contends that D’Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (1954); Arnold v. Arnold, 345 So.2d 1020 (La.App. 2 Cir. 1977); and Smith v. Smith, 378 So.2d 509 (La.App. 4 Cir. 1979), dictate that if there is a reconciliation during the delays for an appeal, even though an appeal is never taken, the action is abated and extinguished so that the community is not terminated and need not be reestablished by a formal act.
In, D'Antoni v. Geraci, supra, the trial court granted the husband a divorce and gave custody of the child to the wife. The wife perfected an appeal; while the case was on appeal, the parties submitted a joint motion to the effect that they had become reconciled and that “the cause of action has thus abated, and the appeal to this Honorable Court and the cause of action itself should be dismissed, thus nullifying the judgment of divorce rendered in proceedings No. 307-799 of the Civil District Court for the Parish of Orleans.” In accordance with the motion, the order was signed dismissing the appeal and the cause of action, “thus rendering ineffective the judgment of divorce rendered in said proceedings.” About sixteen months later, the husband filed a rule for child custody in the original proceeding. The Court properly held that there was no proceeding pending before the court in which the ancillary matter of custody could be considered. DAntoni is not authority for the proposition that reconciliation during the time for taking an appeal, even though no appeal is taken, abates or vitiates the termination of the community. That question was not considered by the DAntoni Court.
Although Arnold v. Arnold, supra, does purport to say that reconciliation of the spouses before the separation judgment has become definitive has the effect of extinguishing or abating the entire judgment of separation, the question before the court was whether the judgment of separation was effective. In the Arnold case, the husband obtained judgment of separation by default. The wife had been served by domiciliary service; consequently, it was necessary that she be served with notice of judgment before the appeal delays could begin to run. The wife was never served with notice of the default judgment. Thus, the judgment in Arnold was never effective. In the instant case the parties were not entitled to notice of judgment, so the judgment was effective from its signing on March 2, 1970. Furthermore, we disagree with the Arnold Court’s construction of Article 155 of the Civil Code. As the trial judge said in his written reasons, a statement with which we are in complete accord: “This Court believes that Arnold is contrary to all of the jurisprudence and, if applied literally, would have far reaching and disastrous effects on titles to real estate and the public records doctrine.”
The case of Smith v. Smith, supra, is also distinguishable. The wife obtained a default judgment of separation from her husband on June 13, 1952. He perfected a suspensive appeal. Following the appeal, at various times, there were motions to dismiss filed in the trial court by each of the parties on the basis of reconciliation. No motion to dismiss was filed in the Supreme Court by the parties; however, finally the Supreme Court dismissed the appeal for want of prosecution for five years. Following the reconciliation, the parties lived together until December, 1966 when they again separated. On February 27, 1976, Mrs. Smith obtain a judgment of divorce. She later obtained an order directing a partition of the community. The notary appointed by the court to effect the partition listed, as community property, only those assets acquired by the parties prior to the separation decree in 1952. The wife traversed the inventory, asserting that the separation judgment had been abated because the parties were reconciled pending the appeal and, thus, the community was never terminated. The trial court ordered that the inventory be made again to include all assets of the property acquired between the date of marriage (October 14,1936) and the date of the filing of the divorce suit (May 13, 1975). On appeal, the Court of Appeal affirmed, stating that “We agree with the conclusion of the trial judge that the judgment was *1298 never final, hence no dissolution of the community ever occurred.” (378 So.2d at 510). Smith does not stand for the proposition that extinguishment or abatement of the action of separation (or divorce) results from a reconciliation during the delays for taking an appeal where no suspensive appeal is ever taken.
Accordingly, for the reasons assigned the judgment of the District Court is affirmed at Appellant’s costs.
AFFIRMED.

. She was, at the time of trial, Lynda Shipp (Efferson) Stroud.