426 So.2d 654 (1982)
Richard P. REINA
v.
Ernest E. HARTENSTINE, et al.
No. 82 CA 0216.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
Writ Denied April 15, 1983.
*655 Richard P. Reina, Denham Springs, pro se.
Ernest E. Hartenstine & A. Wayne Stewart, Denham Springs, for defendant.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Plaintiff-appellant, Richard P. Reina, seeks to have reversed the trial court's judgment sustaining defendants-appellees', Ernest E. Hartenstine and A. Wayne Stewart, Motion for Summary Judgment.
On December 31, 1980, Richard Reina, Ernest E. Hartenstine and A. Wayne Stewart formed a partnership for the practice of law. Written Articles of Partnership were prepared and duly executed by each of the partners.
The Articles provided, inter alia, that Richard Reina and Ernest E. Hartenstine each had an undivided 35% interest in the existing assets and A. Wayne Stewart had an undivided 30% interest in the existing assets. On June 8, 1981, a disagreement of the parties precipitated a termination of the existing partnership. A conflict of testimony exists as to whether the termination of appellant as a partner was voluntary or by appellees' vote of expulsion. Appellant subsequently made a demand for his thirtyfive (35%) per cent interest in the partnership assets. Appellees contend he is entitled only to his net capital in the firm.
On August 10, 1981, appellees filed an exception of no right and/or no cause of action. At the hearing for the rule on the exceptions, the trial court allowed appellees to orally amend their exception and style it as a Motion for Summary Judgment. In response, appellant filed counter-affidavits indicating an issue of material fact did exist. The trial court subsequently sustained the Motion for Summary Judgment. It is this judgment that appellant seeks to have reversed.
The issue presented is whether a genuine issue of material facts existed such that the Motion for Summary Judgment was erroneously granted.
It is well settled in Louisiana that a partnership agreement is a synallagmatic and commutative contract created only by the consent of the parties. Corkern v. Corkern, 270 So.2d 209 (La.App. 1st Cir. 1972), application for writ withdrawn, 272 So.2d 372 (La.1973). The terms of such contract form the law between the parties. L.S.A.-C.C. art. 1901.
Under the Articles of Partnership, payments to a withdrawing partner or an expelled partner are identical in dissolution of the partnership. Article V, Section F, Paragraphs 3 and 4, and Article V, Section D, Paragraph 2, Subsection (e) of the Articles of Partnership, respectively, provide in pertinent part:

*656 "ARTICLE V, SECTION F:
"3. A partner shall be expelled immediately when it is determined by a vote of the partners as provided in Article IV that he shall be expelled without determination of any cause therefor.
"4.... A partner so expelled shall be entitled to the same rights, the same payments by and be subject to the same duties to the continuing firm as if he were then voluntarily withdrawing from the firm. (Emphasis added).
"ARTICLE V, SECTION D:
"2. (e). If a partner has been a partner for less than five years, then such withdrawing partner's right, title and interest in the firm shall be extinguished in consideration of the partition with and the payments to him by the continuing firm of his net capital in the firm through the effective date of his withdrawal." (Emphasis added).
The contract, the written intent of the parties, provides for particular partnership termination payments to be made under specified circumstances. Appellant does not contest such payment was made, only that he is entitled to more.
In the instant case, the pleadings, answers, affidavits, and the Articles of Partnership present no material issue of fact. Therefore, the Motion for Summary Judgment was correctly sustained.
Whether the appellant voluntarily withdrew, as he contends, or was expelled, as appellees contend, is of no moment. In either instance, appellant is entitled only to "his net capital" in the firm.
The judgment of the lower court is affirmed. Appellant is to pay all costs.
AFFIRMED.