*717 (ON MOTION TO DISMISS APPEAL)
En Banc.
SAVOY, Judge.
A final judgment was rendered against defendant on March 14, 1967. Said judgment was read aloud and signed in open court on the same date. On June 28, 1967, defendant applied for a suspensive and de-volutive appeal to this Court. The order of appeal was signed by the district judge on June 29, 1967. The appeal was filed in this Court on August 16, 1967. On the same date appellee filed a motion to dismiss the appeal for the reason that appellant had not timely applied for a suspensive and a de-volutive appeal.
LSA-C.C.P. article 2123 provides:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
LSA-C.C.P. Article 2087 provides the following:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
LSA-C.C.P. Article 1974 provides:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
LSA-C.C.P. Article 1913 provides in pertinent part:
“ * * * Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed. * *
The Minutes in the record reveal that the case was tried on September 19, 1966, and was taken under advisement. Therefore, LSA-C.C.P. Article 1913 is applicable.
In its answer to the motion to dismiss the appeal, counsel for appellant contends that it never received a copy of the judgment dated March 14, 1967, as provided by LSA-C.C.P. Article 1913. However, an examination of the record reveals that on June 28, 1967, the Deputy and Minute Clerk for the Parish of Evangeline, Louisiana, certified that a notice of the judgment of March 14, *718 1967, had been mailed to counsel for defendant on that date.
Although the clerk’s certificate is not conclusively presumed to be correct and could be questioned by a proper proceeding under LSA-C.C.P. Article 2132, no such request to correct the appellate record has been filed. As the record now stands the clerk’s certificate must be accepted as true, which means that the appeal was not timely filed.
For the reasons assigned the motion to dismiss the appeal is hereby granted. The appeal is dismissed at appellant’s costs.
Appeal dismissed.