En Banc.
FRUGÉ, Judge.
We have had two prior occasions to consider the question before us in this same case, 206 So.2d 716 (La.App.3d Cir., 1967), and on rehearing, 206 So.2d 718 (La.App. 3d Cir., 1968).
While the facts and issues are set forth in our previous dealings with this case, for the sake of clarity we shall repeat the essential facts.
Defendant sought to appeal from a final judgment nearly three and one-half months from the date of judgment. Counsel for appellant asserts that he had a right to appeal because he never received notice of the original judgment, as required in Code of Civil Procedure, Article 1913. Because of this lack of notice, he contends that the delays for applying for a new trial did not begin to run. (See Code of Civil Procedure Article 1974). As a result thereof, he urges that the pre-emptive period for seeking a devolutive and/or suspensive appeal under Code of Civil Procedure, Articles 2087 and 2123 did not begin to run. Thus, he concluded that his first appeal to this court was timely.
Upon that appeal to this court, the plaintiff-appellee filed a motion to dismiss the appeal, which we granted. (See our opinion, Soileau v. Tri-State Mutual Insurance Company, 206 So.2d 716 (La.App.3d Cir., 1967). On rehearing, we considered the merits of appellant’s position, and decided, in the interest of justice, to remand the case to the trial court “ * * * for the taking of evidence and a decision by the district judge on the factual issue of whether the clerk of court mailed the notice in compliance with L.S.A.-C.C.P. Article 1913".
The record reveals that the district court opened the case for further evidence on this question, and, after considering such evidence, the trial court concluded that “The Clerk of Court, through his Deputy Clerk, actually mailed notice of judgment to defendant in compliance with L.S.A.-C.C.P. Article 1913”.- We have reviewed the evidence upon which the trial court based the above conclusion and can find no manifest error therein.[1]
In view of the language in Code of Civil Procedure, Article 2087 that an appeal “may be taken * * * only within ninety days * * * ” from the delays for applying for a new trial, and in view of the fact that plaintiff-appellee has sought the dismissal of the appeal, we have no alternative but to grant the appellee’s motion and dismiss the appeal at appellant’s costs.
Appeal dismissed.

. While we believe that the notice of the judgment was properly mailed to counsel for defendant-appellant, we do not question his sincerity in asserting that he never received such notice. This unfortunate case exemplifies the inherent insecurity of relying upon the usual course of the United States mail.