SCHOTT, Judge.
Appellees have filed a motion to dismiss this appeal as a suspensive appeal without prejudice to the rights of appellants to proceed with their devolutive appeal.
On June 29, 1973, the trial court heard arguments on an application for a new trial and made the following minute entry:
“June 29, 1973
“Rule in the following cause came on for hearing this date.
PRESENT: Counsel for all parties at interest.
After hearing pleadings, evidence and argument of Counsel, the Court rendered Judgment and continued this matter for preparation of Judgment by Counsel.” (Emphasis supplied)
On July 2 a formal judgment was signed in which reference is made to the hearing on the application held on Friday, June 29, and there is a formal denial of the application for a new trial. Appellants filed their petition for appeal, obtained the appropriate order and filed their appeal bond on July 17.
Appellees rely on McDowell Well Service, Inc. v. Gray & Company, 270 So.2d 647 (La.App. 3rd Cir. 1972); Joffrion v. Sears Roebuck & Company, 266 So.2d 563 (La.App. 3rd 1972) and Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir. 1971), in which it was held that absent a request for notice of judgment being filed there was no necessity for notice and the delay' for taking an appeal ran from the date of the minute entry denying the motion for new trial without regard to any subsequent written judgment which may have been signed.
Appellants take the position that the last day for appellees to perfect their suspen-sive appeal was July 14, since the 15-day period began to run on the day after the minute entry was made on June 29.
However, we find a difference in the facts of the instant case which saves appel-lees from the harsh result indicated by the cited cases. We construe the minute entry in the instant case to mean that a final disposition of the motion for new trial was not made on June 29 but that the matter was continued by the court for a final disposition when a judgment was prepared by counsel. Since this judgment was presumably prepared on July 2 when the court signed the judgment, the suspensive appeal was timely perfected on July 17.
Motion denied.
MORIAL, J., dissents with written reasons.