REDMANN, Judge.
Two defendants move dismissal of plaintiff’s appeal as untimely within La.C.C.P. 2087 because not perfected within 60 days of a minute entry reading “Motion for new trial — DENIED. Judg[ment to] be submitted] by Mr. Dillon [counsel for one defendant]. Judgfment to] be submitted] by Mr. Hainkel [counsel for another defendant].” (Bracketed material supplied.)
We deny the motions to dismiss because, as in Green v. Love, La.App. 4 Cir. 1974, 295 So.2d 65, the trial judge did not deny the motions for new trial as of the date of the minute entry. He merely indicated that they “should be denied” and instructed counsel for the prevailing parties defendant to prepare judgments denying them.
Defendants note that Green’s minute entry recited that the matter was “continued” for preparation of judgment by counsel, whereas ours reads “denied.” But it is the judge, not the minute clerk, who decides motions. The characterization “denied” or “continued” is evidence of what the judge did but it is merely the minute clerk’s description and does not take precedence over the judge’s action. Here, “denied” is an inaccurate description of what the judge did. The transcript of the hearing shows that the judge did not decide the matter by simple minute entry as he could have; had he done so, the time to appeal would indeed have run from that day and thus appeal would have been too late; Doolan v. Doo-lan, La.App. 3 Cir. 1977, 349 So.2d 980. Instead, although the trial judge then reasoned that the motions “should be denied,” he elected to sign judgments denying them, and no “refusal” within C.C.P. 2087 occurred until the judgments of refusal were signed. This appeal was within 60 days of that signing and it is therefore timely.
Motion denied.