REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his demand for wages, penalties and attorney fees. Comparing routine weekends and other offdays to earned vacation pay or other deferred compensation within the rule of Morse v. J. Ray McDermott & Co., Inc., La.1976, 344 So.2d 1353, plaintiff argues that he had earned five days off from his work as a sheriff’s deputy and that he did not forfeit them by terminating his employment a day before they began. We disagree that routine nonworking days for a monthly-salaried employee are paid holidays, but we nevertheless rule that an employer cannot deduct money from a salaried employee’s paycheck for routine nonworking days on which the employee did not work.
The evidence establishes that, had plaintiff gone to work Thanksgiving night (November 24) 1977, he would have had not five but four[1] days off and then, had he worked November 30, he would have received his full month’s salary. He in fact worked 19 work shifts (19 days) in November, and he would have received the full month’s pay had he worked those last two days for a total of 21. Other payroll employees, who presumably got full pay, worked from 19 to 22 days, presumably depending on how their own schedules of workdays and offdays fell. The nature of the sheriff’s work does not allow all deputies to work the same days and hours, and evidently some months entail fewer working days for some deputies than for others, and presumably those who work more days some months work fewer days in other months.
The sheriff treated plaintiff’s polite but unjustifiable refusal to work Thanksgiving night as a resignation as of that time. That treatment seems to us unexceptionable, but if plaintiff prefers one could characterize the sheriff’s actions as a firing for cause. In either case it was plaintiff himself who removed himself from the payroll by declining to work one day before his four-day off period was to begin. But the sheriff’s payroll clerk erred in paying plaintiff only 24/30 of his monthly salary when he had worked 19 of his 21 workdays for that month.
A weekly-salaried employee who begins working on a Monday and works *771 through Wednesday earns and is entitled to three fifths, and not only three sevenths, of his weekly salary. Similarly, one who begins on a Thursday and works through Monday (but not on Saturday or Sunday) is entitled only to three fifths and not five sevenths of a week’s wages. Weekly employees are paid a salary based on five workdays, and they are not paid for Saturdays and Sundays, which are days off from work.
By the same principle we conclude it was error to pay plaintiff in the proportion of the calendar days he had been on the payroll to days in the month, rather than in the proportion of the days he worked to working days in the month. Notwithstanding that a sheriff’s deputy may be subject to call even on offdays in an emergency and one could assign some small element of his pay to offdays, defendant did not do so. An employee must ordinarily be considered to earn his pay on the days he is assigned to work and not on offdays.
Plaintiff should have been paid not 24/30 of his salary for being on the payroll 24 of the 30 calendar days in the month, but 19/21 of the salary for working 19 of his scheduled 21 working days in the month.[2] The difference is $82.76 of the regular pay plus $16.11 of supplemental pay,[3] or a total of $98.87.
No penalties are due under La. R.S. 23:632 because defendant did promptly pay the undisputed portion of the wages as required by R.S. 23:631 B and therefore is not an “employer who fails or refuses to comply with the provisions of R.S. 23:631 . .” Attorney fees are due under § 632, however, because plaintiff’s is “a well-founded suit for any unpaid wages whatsoever . . . We fix attorney fees at $300 because that is all the record will support in this particular case.
Reversed; judgment for plaintiff for $98.67 with legal interest from November 27,1977 and all costs, and for $300 attorney fees.

. Payroll records show others similarly scheduled as working the night of November 24-25, not working November 26, 27, 28 and 29, and working November 30. The records show the 18th blank, but those persons worked 2 hours of that day, from 10 p. m. to midnight, as part of their new work-shift of 10 p. m. to 6 a. m. The “five” days that plaintiff and others spoke of included the 18th (when plaintiff worked the last two hours of the day) for which plaintiff was in fact paid.

. We recognize that in industry a worker might be paid double time or more to work on holidays such as Thanksgiving. But the payroll records do not support a finding that defendant sheriff counted Thanksgiving as, say, double time (in which case plaintiff would be owed only 19/22 of his salary): some deputies who worked 22 days also worked Thanksgiving, and therefore plaintiffs group’s working only 21 is not attributable to Thanksgiving being counted as double time.

. Presumably by simple error defendant paid plaintiff only 23/30 of the $116.66 supplemental pay, or $89.44. Regular salary was $790, of which defendant had paid $632. 19/21 of regular salary is $714.76 and of supplemental pay (R.S. 33:2218.8) is $105.55.