SWIFT, Judge.
MOTION TO REMAND
The plaintiff-appellant, Emile K. Ventre, moves to remand the above captioned case to the Twenty-Seventh Judicial District Court, Parish of St. Landry, for the purpose of correcting the record. The motion is unopposed.
The pertinent facts are as follows: Judgment was rendered in this matter on August 9, 1978. The case had been taken under advisement, therefore, a notice of judgment was required under LSA-C.C.P. Article 1913. The record indicates that notice of judgment was mailed by the clerk of court on August 9, 1978. The motion for this appeal was obtained June 4, 1980. Therefore, on its face, the record reveals that this appeal is untimely filed.
The plaintiff-appellant has filed this motion to remand for the purpose of determining if notice of judgment was actually sent. The appellant contends that the record is in error and no notice of judgment was ever sent as required by LSA-C.C.P. 1913. The appellant has attached to his motion to remand the affidavit of Dolores A. Couvillion, the deputy clerk of court who prepared the record in the instant matter. The affiant states that a certificate of notice of judg *96 ment was not in the record and that she prepared a back-dated notice which was filed in the record. While an appellate court cannot accept such evidence for a decision on the merits, it may be considered in determining whether or not the case should be remanded to afford the appellant an opportunity to prove that the record is in error in this respect.
The request for such a correction under LSA-R.S.C.C.P. Article 2132 could have been made to the trial court as the appeal did not divest it of jurisdiction in this matter. LSA-C.C.P. Article 2088(4). However, an appellate court may also remand a case to the trial court for the purpose of correcting an error in the record. A clerk’s certificate is not conclusively presumed to be correct and may be corrected on proper showing. Soileau v. Tri-State Mutual Insurance Co., 206 So.2d 716 (La.App. 3 Cir. 1967).
In this interest of justice, we have decided to remand this case to the trial court for the taking of evidence and a decision by the trial judge on the factual issue of whether or not the clerk of court actually mailed the notice in compliance with LSA-C.C.P. Article 1913. After the trial court has ruled on this issue, the record will be returned to this court for further proceedings herein.
REMANDED.