421 So.2d 1190 (1982)
Mrs. Scott HAYWOOD, Plaintiff-Appellee,
v.
Gary D. SALTER, Defendant-Appellant.
No. 15029.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1982.
Rehearing Denied December 9, 1982.
*1192 Love, Rigby, Dehan, Love & McDaniel by Kenneth Rigby, Shreveport, for defendant-appellant.
Leroy H. Scott, Jr., Shreveport, for plaintiff-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
The defendant employer appeals from a judgment rendered against him in city court in favor of the plaintiff employee for $432.35 back wages, $2,280 penalty wages, and $600 attorney fees. Plaintiff has answered the appeal asking for a 10 percent increase in the trial court's judgment for frivolous appeal, and an increase in attorney fees for services rendered in connection with the appeal. In brief, plaintiff appellee also raises an issue as to the timeliness of the appeal. We find the appeal to be timely, amend the trial court judgment to reduce the amount of the award for back wages and to award additional attorneys fees, and as amended, affirm the judgment.

Timeliness of the Appeal
Plaintiff-appellee urges that the appeal was untimely and should be dismissed because appellant's motion for a new trial was not filed within three days nor was the appeal taken within ten days after a copy of the judgment was mailed to appellant's counsel as reflected by the minutes of the court. It is also urged that the suspensive appeal was not timely perfected because the appeal bond was not timely filed.
After trial the case was taken under advisement. The court's written opinion was filed February 10, 1982. Judgment was signed on February 12. A minute entry of that date states: "Copies of judgment mailed to attorneys."
The record further reflects that on March 24, 1982 a notice of judgment was served on defendant's counsel by the city marshall.
On March 25, 1982, defendant filed a motion for new trial and on March 30 filed a Motion to Vacate Certificate of Mailing of Notice of Signing of Judgment and, Alternatively, Plea of Unconstitutionality. It was alleged that the clerk did not in fact mail a notice of judgment to defendant's counsel and that counsel did not receive such a notice. Alternatively, defendant pled the unconstitutionality of the applicable procedural statutes if interpreted to mean that mailing, and not receipt, of notice of judgment is sufficient to trigger the delays for appealing.
At a hearing on the motions, defendant's counsel testified that he did not receive a copy of the judgment in the mail. Plaintiff's counsel stipulated that this testimony was true and correct. The testimony was that defendant's counsel first learned that a judgment had been signed on February 26 when he had a conversation with plaintiff's counsel while on a plane flight. After learning this, defendant's counsel requested that he be served with notice of judgment and service was made on March 24. The motion for new trial was filed the next day.
The trial court ruled that the motion for new trial was timely, heard argument on the motion, and denied it on March 30. Defendant's motion for a suspensive appeal was granted that date. A suspensive appeal bond was filed April 12, thirteen days later.
Procedure in trial courts of limited jurisdiction is governed generally by Book VIII of the Code of Civil Procedure, revised and reenacted by Act 46 of 1979, effective January 1, 1980, Articles 4831-5011.
In city court cases where the amount in dispute exceeds $3,000, the procedure is the same as in district court, except for the delay for appealing as provided by Article 5003. LSA-C.C.P. Art. 4901. In suits where the amount in dispute is $3,000 or less, the procedure is governed by Articles 4911-4920. LSA-C.C.P. Art. 4902.
The amount in controversy is determined by the amount demanded by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law. LSA-C.C.P. Art. 4841. In this case, the amount sued for by plaintiff was $380 in wages due, plus *1193 penalty wages at the rate of $760 per month for three months, and $1,000 attorney fees. Excluding penalties and attorney fees, the amount in controversy is $380 and the provisions of Articles 4911-4920 are applicable.
Article 4917 provides that notice of judgment must be given when the case has been taken under advisement. Where the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to the counsel of record. Although the comment following Article 4917 states that the article incorporates into the procedure for small claims the same provisions for notice of judgment required in larger claims under Article 1913, that statement is not precisely accurate. Article 1913 allows mailing of notice of judgment to counsel or parties not represented by counsel while Article 4917 requires service of notice of judgment on unrepresented parties. Pertinent to this case, Article 4917 does not contain the Article 1913 requirement that the clerk file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the judgment was mailed.
Article 4919 provides that the delay for applying for a new trial shall be three days, exclusive of holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
The delay for appeal is established by Article 5003. An appeal from a judgment rendered by a city court may be taken only within ten days from the date of the judgment, or from service of notice of judgment when such notice is necessary. Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial when such notice is necessary.
It should be noted that the delay for appealing from a city court judgment commences from date of judgment or service of notice of judgment, and not from the expiration of the delay for applying for a new trial as in appeals from district court judgments. Compare LSA-C.C.P. Arts. 2087 and 2123. However, the timely filing of a motion for new trial in effect interrupts the delay, which commences anew the day after the motion is denied or from service of notice of denial if required. Although the term "service" of notice of judgment is used in Article 5003, when that article is read in conjunction with Articles 4917 and 4919 it is obvious that the ten-day appeal delay commences the day after "mailing" of notice of judgment where mailing is authorized by Article 4917.
The delay for applying for a new trial and for appealing is triggered by the actual mailing of notice of judgment or a copy of the judgment. Although Article 4917 does not contain the same requirement as Article 1913 of the filing of a certificate by the clerk of court, the record in a city court suit should contain a substantially similar official statement by the clerk of court evidencing mailing of notice of judgment. An official minute entry by the clerk showing the date notice was mailed and the counsel or parties to whom notice was mailed should suffice. It is to be noted that in this case the minute entry reflects mailing of a copy of the judgment to "attorneys" without specificity as to names of the attorneys.
The certification by the clerk is presumed to be correct, but not conclusively so, and may be refuted or amended and corrected where it is shown in an appropriate proceeding to be in error. In Soileau v. Tri-State Mutual Insurance Company, 206 So.2d 716 (La.App. 3d Cir.1967), a case on appeal was remanded for the purpose of taking evidence and a decision by the trial court "on the factual issue of whether the Clerk of Court mailed the notice in compliance with LSA-C.C.P. Article 1913" and on "defendant's request to correct the certificate" which the clerk had filed in the record purporting to show that notice of judgment had been mailed. The court observed that "... the Clerk's certificate is not conclusively presumed to be correct and could be questioned by a proper proceeding ...."
*1194 In Ventre v. Pacific Indemnity Co., 391 So.2d 95 (La.App. 3d Cir.1980), a similar result was reached with the court using similar language, citing Soileau.
In the instant case, in a proper proceeding to correct the clerk's minute entry or certificate of mailing notice of judgment, it was established without doubt that notice of judgment was not received in the mail by defendant's counsel. The reasonable assumption from this evidence is that the notice was not mailed to him by the clerk. The minute entry does not state with specificity that notice was mailed to this particular attorney by name.
Appeals are favored in the law and should not be dismissed unless the law clearly requires a dismissal. In re Salmon, 318 So.2d 897 (La.App. 2d Cir.1975); Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981). Considering the lack of specificity in the minute entry and the uncontroverted evidence that notice of judgment was not delivered to counsel in the mail, stipulated as correct by appellee's counsel, we conclude the notice was not mailed and, accordingly, the delay for filing a motion for new trial and for appealing did not commence to run on the date of the minute entry.
Nor did the delay commence to run on the date appellant's counsel obtained actual knowledge of the signing of the judgment. Actual knowledge of the signing of a judgment dehors the record and absent compliance with the mailing or service requirement is not sufficient to cause the new trial and appeal delays to commence. Arnold v. Arnold, 345 So.2d 1020 (La.App. 2d Cir.1977); Broussard v. Annaloro, 265 So.2d 648, 649 (La.App. 3d Cir.1972); Boswell v. Jeff Cantrell Homes, Inc., 333 So.2d 374 (La.App. 2d Cir.1976).
The delay for filing the motion for new trial commenced on the day after notice of judgment was served on appellant's counsel. The motion for new trial filed the next day was timely and the motion for appeal made and granted the same day on which the motion for new trial was denied was timely.
The suspensive appeal bond was not timely filed within the ten-day period for perfecting an appeal. However, the appeal will be maintained as a devolutive appeal. Southern Mosaic Tile, Inc. v. Alessi, 402 So.2d 225 (La.App. 1st Cir.1981).

On the Merits
The defendant hired plaintiff on November 17, 1980 as a general office worker in defendant's CPA office. The parties agreed that plaintiff's salary would be $760 per month payable on the first and fifteenth of each month. Plaintiff's net semi-monthly checks were $328. She received a semi-monthly paycheck for that amount on January 15, 1981. The next day she resigned from employment, after which defendant stopped payment on the check. Plaintiff thereafter made two demands on defendant for the money owed her.
On January 22, 1981, in response to a letter from plaintiff's attorney offering to compromise the matter, defendant sent the attorney a check for $54.64 representing plaintiff's net semi-monthly salary less an amount equivalent to wages for 37 hours which plaintiff had missed as the result of sickness during her tenure, five days holiday pay, and the cost of a nameplate purchased by plaintiff without authority. A notation on the check stated "Final Payment on Earnings as per Letter of 1/22/81 to Mr. Harold Vaught". The check was not cashed and plaintiff filed suit on February 2, 1981 for unpaid wages, penalty wages, and attorney fees under the provisions of LSA-R.S. 23:631 and 632. After trial judgment was rendered in favor of plaintiff for the amounts previously stated.
Defendant complains that the trial court erred in awarding any amount for unpaid wages, particularly any amount above the amount tendered by the defendant to plaintiff's attorney. Defendant further complains that the trial court erred in awarding penalty wages in view of the fact that there was a bona fide dispute as to the amount owed. Defendant further complains that the trial court erred in awarding attorney fees, particularly in an excessive amount.
*1195 LSA-R.S. 23:631(A) provides that upon discharge or resignation of any employee it shall be the duty of the employer to pay the amount due under the terms of employment not later than three days following the date of discharge or resignation. Subsection B requires that in the event of a dispute as to the amount due, the employer shall pay the undisputed portion of the amount due as required by subsection A. Section 632 provides that any employer who fails or refuses to comply with the provisions of Section 631 shall be liable to the employee either for 90 days wages at the employee's daily rate of pay or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount. Reasonable attorney fees shall be allowed the employee in the event a well-founded suit for any unpaid wages whatsoever be filed by the employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
Defendant contends that plaintiff, in accordance with the employment agreement, was not entitled to sick leave or holiday pay until she had been employed for six months. Therefore, from the net $328.64 due January 15, 1981, defendant deducted 37 hours plaintiff was absent due to sickness ($162.06); five holidays (two days at Thanksgiving, two days at Christmas, and one day on New Year's totaling $175.20); added 5.8 hours ($25.40) for which she had not been paid (24 hours "overtime" less 18.2 hours defendant contends he paid on overtime by way of a Christmas bonus); and also deducted $8.97 for the cost of a nameplate allegedly purchased by plaintiff without authorization. After the above deductions and a deduction for social security, defendant arrived at the figure of $54.64.
The evidence establishes that plaintiff and defendant agreed that she would not be entitled to pay for days when she was absent because of sickness, but that plaintiff could make up this time off by working overtime, which was frequently required. In keeping with the employment agreement defendant was entitled to deduct from the $380 gross pay due the sum of $56.94 for the difference between the days she was off sick and the overtime she worked, leaving a gross amount due of $323.06.
The testimony does not establish that there was an agreement that plaintiff would not be paid for the days she did not work at Thanksgiving, Christmas, and New Year's when the office was closed. In the absence of a special agreement an employer cannot deduct money from a salaried employee's paycheck for routine nonworking days on which the employee did not work. See Vanacor v. St. Amant, 379 So.2d 769 (La.App. 4th Cir.1979). The weight of the evidence is that the Christmas bonus was paid to plaintiff in the normal sense of a Christmas bonus and was not designated as payment for overtime to be worked in the future, as claimed by defendant. Nor does the evidence support the deduction for the cost of the nameplate. Defendant is not entitled to credit for these items from the amount due plaintiff.
The record does not reflect how the amount of $432.35 awarded by the trial court was calculated but, in any event, the amount awarded for unpaid wages will be reduced to $323.06 less appropriate withholding tax deductions.
Defendant contends that the trial court erred in awarding penalty wages because there was a bona fide dispute as to the amount due.
LSA-R.S. 23:631 and 632 are penal in nature, must be strictly construed, and their provisions must yield to equitable defenses. Strickland v. American Pitch Pine Export Company, 224 La. 949, 71 So.2d 338 (1954); Mitchell v. First National Life Insurance Company of Louisiana, 236 La. 696, 109 So.2d 61 (1959); Johnson v. Banner Corporation, 308 So.2d 534 (La.App. 4th Cir. 1975). If there is a bona fide dispute over the amount of wages due the courts will not consider the failure to pay as an arbitrary refusal and will refuse to award penalties. Otwell v. Howard Lumber & Supply Company, Inc., 283 So.2d 826 (La.App. 2d Cir. 1973); Pace v. Parker Drilling Company *1196 and Subsidiaries, 382 So.2d 988 (La.App. 1st Cir.1980); Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La.App. 1st Cir.1979).
Although there was a good faith dispute as to the total amount due to the limited extent discussed above, the defendant was unreasonable and arbitrary and, therefore, not in good faith in claiming a deduction for holidays and for the Christmas bonus.
The conditional tender of the check for $54.64 in final payment of plaintiff's claim for wages did not constitute compliance with LSA-R.S. 23:631 B as to the undisputed portion of the amount due. See Rush v. Ryan Chevrolet, Inc., 408 So.2d 984 (La. App.2d Cir.1981).
Since we find that the defendant was arbitrary and unreasonable in asserting a defense to a substantial part of the claim for past due wages, and failed to unconditionally tender payment of the amount which he did not dispute was due, it follows that the award of penalty wages is correct.
An employee who brings a well-founded suit for unpaid wages is entitled to mandatory attorney fees irrespective of any defenses which may be raised by his employer. Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978). Since plaintiff established her entitlement to unpaid wages, she is entitled to attorney fees. We find no abuse of discretion by the trial court in awarding the amount of $600. We award plaintiff an additional $150 attorney fees for the services of the attorney rendered in connection with the appeal.
The appeal is clearly not frivolous, particularly in that it resulted in a reduction in the amount of the judgment against defendant. LSA-C.C.P. Art. 2164; Goad v. May, 376 So.2d 340 (La.App.3d Cir.1979).
The judgment of the trial court is amended to reduce the award for back wages from $432.35 to $323.06, less withholding tax deductions, and to increase the award for attorney fees from $600 to $750 and is otherwise affirmed. Costs of the appeal are assessed to the defendant-appellant.
Amended, and as amended, affirmed.