JOHN S. COVINGTON, Judge.
The record of appeal in this case was lodged September 3, 1985 and we issued an order, sua sponte, directing the parties to show cause, by briefs, why this appeal should not be dismissed as untimely.
This suit on a promissory note was tried on its merits on June 3, 1985; defendant-appellant Betty Pellegrin defended on the ground that her signature on the note was obtained under duress; she and her mother gave live testimony regarding the alleged duress. The trial judge gave oral reasons at the conclusion of the trial which stated, in part, that “there was insufficient evidence to support her duress defense and judgment will be rendered against Betty Ann Pellegrin as prayed for.” The form judgment reflects that the judgment was “rendered and signed ... this 3rd day of June, 1985.” The date on the form judgment was filled in by typewriter; the judgment was recorded in the suit record June 21, 1985. The minute entry for June 3, 1985 reflects that the court “rendered judgment in favor of Credit Plan ... and against Betty Ann Pelegrin” as prayed for.
The affidavit of the City Court judge who tried the case is attached to the brief we ordered her to file in response to our show cause order and states, pertinently, that:
“... [Ajffiant ... took the ... case under advisement on ... June 3, 1985 and later rendered a decision. [Fallowing affiant’s decision, notice of ... decision was served upon ... counsel of record for ... Betty Pellegrin on June 27, 1985.”
The trial judge signed the order granting Betty Pellegrin’s motion for devolutive ap *321 peal on July 3, 1985, less than ten days after June 27, 1985.
La.C.C.P. art. 5003(A) permits only ten days “from the judgment or from the service of notice of judgment, when such notice is necessary” to take an appeal from a city court judgment. La.C.C.P. art. . 4917(A)(2) requires that notice of judgment be given when “the case has been taken under advisement.”
In Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982) the Court observed pertinently that:
... Although the term “service” of notice of judgment is used in Article 5003, when that article is read in conjunction with Articles 4917 and 4919 it is obvious that the ten-day appeal delay commences the day after “mailing” of notice of judgment where mailing is authorized by Article 4917.
The delay ... for appealing is triggered by the actual mailing of notice of judgment or a copy of the judgment.... 421 So.2d at 1193.
While the Minute Entry of June 3, 1985 and the filled-in form judgment, which reflect that judgment was both rendered and signed June 3,1985, are presumptively correct, neither is “conclusively so, and may be refuted or amended and corrected where it is shown in an appropriate proceeding to be in error.” 421 So.2d at 1193.
The affidavit of the presiding City Court judge who tried the case effectively refutes or corrects the presumptively correct minute entry and filled-in form judgment. Just as it is “the judge, not the minute clerk, who decides motions” [Pepitone v. State Farm Mutual Automobile Insurance Co., 365 So.2d 1195 (La.App. 4th Cir.1979) ], the minute entry “is an inaccurate description of what the judge did” and, as such, it “does not take precedence over the judge’s action” as reflected by his affidavit attached to defendant-appellant’s brief, 365 So.2d at 1196. See also, Claitor v. Juban, 409 So.2d 374 (La.App. 1st Cir. 1981). This appeal was timely. The show cause order previously issued by us should be and it is hereby recalled, vacated and set aside and the appeal is maintained.
ORDER TO SHOW CAUSE RECALLED, VACATED, AND SET ASIDE.