PER CURIAM.
We have issued an order, ex proprio motu, directing the parties to show cause why this appeal should not be dismissed on the basis that it was taken untimely.
Plaintiff, Nick Dimaio, filed a suit for damages against Dana Tucker and State Farm Mutual Insurance Company in the City Court of Baton Rouge. After a trial on the merits, the court rendered judgment against defendants in the sum of $7,344.04, plus legal interest, costs, and expert witness fees. No application for a new trial was filed. Defendants suspensively appeal the trial court’s judgment. The pertinent dates are as follows:
July 14, 1986[1] -Trial on the merits held. Matter taken under advisement.[2]
September 10,1986 -Judgment rendered and signed.
September 11,1986 - Notice of judgment mailed to parties.
October 9,1986 - Motion for suspensive appeal and appeal bond filed.
Article 5002 of the Code of Civil Procedure states when no timely application for a new trial has been filed, an appeal from a judgment rendered by a city or parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when notice is necessary. The article applies to both suspen-sive and devolutive appeals. Since this case was taken under advisement, notice of judgment was required under Code of Civil Procedure article 1913. The appeal delay commenced on September 12, 1986, the day after the notice of judgment was mailed. LSA-C.C.P. art. 5059. The last day of the period was Sunday, September 21, and the appeal delay was extended to Monday, September 22, under art. 5059. Defendants’ motion for appeal filed on October 9, 1986, clearly was untimely.
Defendants’ appeal is therefore dismissed, at defendants’ cost.
APPEAL DISMISSED.

. The transcript shows the trial took place on July 15, 1986, but the minute entry and the judgment state the trial was held on July 14.

. The minute entry for July 14, 1986, indicates judgment was rendered on that date following the hearing. However, the transcript states the matter was taken under advisement, and the judgment reflects that it was rendered on September 10, 1986. The written judgment takes precedence over the minute , entry. See Credit Plan Inc., of Houma v. Waggoner, 480 So.2d 320 (La.App. 1st Cir.1985).