EDWARDS, Judge.
From a judgment dismissing a motion to reinstate his petition after it was dismissed on an exception of no cause of action, plaintiff appeals. We reverse and remand.
Plaintiffs petition alleges that Darrel Singletary shot him in the parking lot of Riverside Lounge in Bogalusa, and that Singletary and Claude Mulford, the owner of the lounge, are strictly liable to him for his damages of $350,000.00. Mulford filed an exception of no cause of action, and it is this exception that gives rise to plaintiffs appeal.
The judgment of dismissal, dated July 10, 1986, states that the exception was tried on November 25, 1985; that the court maintained the exception and gave plaintiff fifteen days to amend his petition; and that plaintiff had not done so. On July 24, 1986, plaintiff moved to reinstate, claiming that he was never advised of the hearing on the exception or the order giving fifteen days to amend. The court denied the motion, saying, “The minutes of court reflect plaintiffs counsel was present at the hearing on the exception.”
Plaintiff now appeals, claiming that the court based its decision on an incorrect minute entry. The court’s minutes in the record, which are undated, do indeed reflect that plaintiffs attorney, John Robin, and Mulford’s attorney, Donald Lee, were present at the hearing on the exception. Furthermore the record contains a copy of a notice of assignment from the Washington Parish Clerk of Court’s office, dated October 11, 1985. The notice contains the names, John M. Robin and Donald H. Lee; the caption of this case; and the statement that the matter had been assigned for trial on exceptions on November 25, 1985, at 9:30 a.m. All of this notwithstanding, plaintiff’s counsel steadfastly maintains that he was not present at the hearing, and that he received neither notice of the hearing nor notice of the judgment resulting therefrom.
As a reviewing court, we are bound by the record. LSA-C.C.P. art. 2164; Capital Drilling Co. v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986) (citation omitted). On the other hand, we will not ignore a claim that the record contains errors material to the judgment. The trial court based its judgment denying plaintiff’s motion to reinstate on a minute entry which is arguably incorrect. A minute entry is presumptively, though not conclusively, correct. It may be refuted, amended or corrected where it is shown in an appropriate proceeding to be in error. Credit Plan, Inc. of Houma v. Waggoner, 480 So.2d 320, 321 (La.App. 1st Cir.1985). Plaintiff should be given an opportunity to rebut the presumption of the correctness of the minute entry.
Accordingly the judgment denying the motion to reinstate is reversed, and the trial court is ordered to hold a hearing on plaintiff’s claim that the minutes are in error. Should the court determine that plaintiff’s attorney was not present at the hearing, the court is ordered to reconsider plaintiff’s motion to reinstate. The costs of this appeal are to be shared equally by appellant and appellee.
REVERSED AND REMANDED WITH INSTRUCTIONS.