# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### JAC 16-273

**STATE OF LOUISIANA**

**IN THE INTEREST OF**

**B. R. C.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-2014210
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**

**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy and D. Kent Savoie, Judges.

**LIMITED REMAND ORDERED.**

**Lloyd Dangerfield**
**Attorney at Law**
**703 E. University Ave.**
**Lafayette, LA 70503**
**(337) 232-7041**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **J. W. (Father)**

**Keith A. Stutes**
**Lafayette Parish DA**
**Post Office Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Leah Antoinette Beard**
**825 Kaliste Saloom Road**
**Brandywine Bldg 3, Room 150**
**Lafayette, LA 70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
    **Department of Social Services**

**Diane Elaine Cote**
**825 Kaliste Saloom Road**
**Brandywine III, Room 150**
**Lafayette, LA 70508**
**(337) 262-5913**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana, through the Deptpartment of Children & Family**
    **Services**

**Franchesca L. Hamilton-Acker**
**Acadiana Legal Service Corp.**
**Post Office Box 4823**
**Lafayette, LA 70502-4823**
**(337) 237-4320**
**COUNSEL FOR APPELLEES:**
    **B. R. C.**
    **State of Louisiana**

**Laura Melancon**
**600 Jefferson Street**
**Suite 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR APPELLEE:**
    **B. C.**

**Kimberly Latigue Arvie**
**Acadiana Legal Services**
**1020 Surrey St.**
**Lafayette, LA 70501**
**(337) 237-4320**
**COUNSEL FOR APPELLEE:**
    **B. R. C.**

**SAVOIE, Judge.**

Upon the lodging of the record in this appeal, this court issued, on its own motion, a rule for the appellant to show cause, by brief only, why the appeal should not be dismissed as untimely, citing La.Ch.Code art. 332. The appellant has filed a brief in response to the rule asserting that the appeal is timely. For the reasons discussed below, we remand this appeal for the limited purpose of having the trial court conduct an evidentiary hearing and render a ruling as to the correct date on which notice of judgment was mailed by the Office of Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette.

The record filed in this court indicates that the trial court signed its final judgment on February 8, 2016. The certificate of the district court's clerk's office indicates that the notice of judgment was mailed to the parties and/or their attorneys of record on February 8, 2016. No motion for new trial was filed in this suit. Appellant filed his Notice of Suspensive Appeal on February 25, 2016. The order granting the appeal was signed by the trial court on February 29, 2016.

As this case is subject to the appeal delays set forth in La.Ch.Code art. 332, this court issued its rule for the appellant to show cause why the appeal should not be dismissed as untimely because more than fifteen days passed between the date the clerk's office indicates that notice of judgment was mailed and the date that the appellant's Notice of Suspensive Appeal was filed.

The appellant contends that the appeal is timely filed. In the brief filed in this court, the appellant points out that the postage meter stamp of the envelope which contained his notice of judgment bears the date of February 10, 2016. Therefore, he contends that his motion for appeal was timely filed within fifteen days of the mailing of the notice of judgment.

In *Ventre v. Pacific Indem. Co.*, 391 So.2d 95 (La.App. 3 Cir. 1980), the appellant filed a motion to remand her appeal in order to correct the record. This court notes in its opinion that, on the face of the record, the appeal was filed untimely. However, in granting the motion and ordering a remand of the case, this court observed:

> The plaintiff-appellant has filed this motion to remand for the purpose of determining if notice of judgment was actually sent. The appellant contends that the record is in error and no notice of judgment was ever sent as required by LSA-C.C.P. 1913. The appellant has attached to his motion to remand the affidavit of Dolores A. Couvillion, the deputy clerk of court who prepared the record in the instant matter. The affiant states that a certificate of notice of judgment was not in the record and that she prepared a back-dated notice which was filed in the record. While an appellate court cannot accept such evidence for a decision on the merits, it may be considered in determining whether or not the case should be remanded to afford the appellant an opportunity to prove that the record is in error in this respect.

> The request for such a correction under LSA-R.S.C.C.P. Article 2132 could have been made to the trial court as the appeal did not divest it of jurisdiction in this matter. LSA-C.C.P. Article 2088(4). However, an appellate court may also remand a case to the trial court for the purpose of correcting an error in the record. A clerk's certificate is not conclusively presumed to be correct and may be corrected on proper showing. *Soileau v. Tri-State Mutual Insurance Co.*, 206 So.2d 716 (La.App. 3 Cir. 1967).

> In this interest of justice, we have decided to remand this case to the trial court for the taking of evidence and a decision by the trial judge on the factual issue of whether or not the clerk of court actually mailed the notice in compliance with LSA-C.C.P. Article 1913. After the trial court has ruled on this issue, the record will be returned to this court for further proceedings herein.

391 So.2d at 95-6.

Similar to the facts presented in *Ventre*, this court cannot accept the photocopy of an envelope as evidence to be used on a decision on the merits. However, we can consider this photocopy for the purpose of deciding whether justice requires a remand of this case for the conducting of a hearing before the

trial court in order to obtain a ruling from the trial court on the question as to the exact date on which notice of judgment was mailed. Thus, as this court did in *Ventre*, we grant a limited remand of this appeal and order that the trial court conduct an evidentiary hearing and render a decision as to the actual date on which notice of judgment was mailed to the appellant's counsel of record by no later than July 25, 2016. Following this hearing and decision by the trial court, we order the Office of the Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, to supplement the record in this appeal, in duplicate, with the transcript of the hearing, any evidence submitted at that hearing, and any pleadings filed and the judgment rendered subsequent to this remand.

**LIMITED REMAND ORDERED.**