# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-500


**STATE IN THE INTEREST OF J. A.**




**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 15-JV-17866
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**LIMITED REMAND ORDERED.**

**Diane E. Cote**
**825 Kaliste Saloom Road**
**Brandywine III, Suite 150**
**Lafayette, Louisiana 70508**
**(337) 262-5913**
**Counsel for Appellee:**
 **State of Louisiana, Department of Children & Family Services**

**S. Marie Johnson**
**Public Defender's Office**
**106 West Berard Street**
**St. Martinville, Louisiana 70582**
**(337) 394-1446**
**Counsel for Appellant:**
 **D. A.**

**Jocelin Sias**
**The Sias Firm, LLC**
**203 West Main Street, Suite 105**
**New Iberia, Louisiana  70560**
**(337) 321-9516**
**Counsel for Appellee:**
     **J. B.**

**Raveen Hill**
**Mental Health Advocates**
**302 Dulles Street, Room U-47**
**Lafayette, Louisiana  70506**
**(337) 262-2030**
**Counsel for Appellee:**
     **J. A.**

**KEATY, Judge.**

This court lodged the appeal in this case on May 30, 2017, and, on May 31, 2017, issued a rule for the appellant to show cause why the appeal should not be dismissed as untimely filed. According to the record filed in this court, on November 28, 2016, the Clerk of Court's Office for the Sixteenth Judicial District Court issued notice of judgment informing the parties that the trial court had signed the judgment terminating appellant's parental rights and certifying the minor child as eligible for adoption on November 16, 2016. Since the case falls under La.Ch.Code art. 332, the appellant had fifteen days from the mailing of notice of judgment to file her motion and order for appeal. The record reflects that the motion and order for appeal were not filed with the trial court until December 14, 2016, i.e., sixteen days from the mailing of notice as certified by the district court clerk's office. Therefore, this court issued the subject rule to show cause. The appellant filed a brief in response to this court's rule. Based on the allegations contained in appellant's response brief, we order a limited remand of this matter as discussed below.

In the brief filed in response to this court's rule to show cause, appellant points out that in the certificate of mailing of notice which is signed by the deputy clerk of the district court, no physical address is given with respect to appellant's counsel, unlike some of the others who were sent notice of this judgment. Thus, appellant's counsel surmises that the district court clerk's office intended to send the notice of judgment to appellant's counsel by means other than by mail as required by La.Code Civ.P. art. 1913. Further, appellant's counsel avers that in speaking with the juvenile minute clerk at some time on or about November 30 or December 2, 2016, she was informed that the signed judgment was to be emailed

to her. Appellant's counsel then states that she informed the district court personnel that the notice had to be mailed in order to trigger the delays for seeking an appeal.

While this court cannot consider evidence which is not of record for purposes of deciding this matter, this case presents a similar circumstance to that presented to it in *State in the Interest of B.R.C.*, 16-273 (La.App. 3 Cir. 5/25/16), 192 So.3d 897, in which this court did consider evidence not of record for purposes of deciding whether a limited remand for correction of the record should be ordered in the interest of justice. Thus, the appellant in *B.R.C.* asserted that a photocopy of the envelope showed that the district court did not place the notice of judgment into the mail on the date indicated in the certificate contained in the record.

In *B.R.C.*, this court relied on *Ventre v. Pacific Indemnity Co.*, 391 So.2d 95 (La.App. 3 Cir. 1980), wherein the appellant filed a motion to remand the appeal in order to correct the record. Particularly poignant for this case, this court quoted *Ventre*, 391 So.2d at 96, "[a] clerk's certificate is not conclusively presumed to be correct and may be corrected on proper showing. *Soileau v. Tri-State Mutual Insurance Co.*, 206 So.2d 716 (La.App. 3 Cir.1967)." This court then concluded in *B.R.C.*, 192 So.3d at 899:

> [T]his court cannot accept the photocopy of an envelope as evidence to be used on a decision on the merits. However, we can consider this photocopy for the purpose of deciding whether justice requires a remand of this case for the conducting of a hearing before the trial court in order to obtain a ruling from the trial court on the question as to the exact date on which notice of judgment was mailed. Thus, as this court did in *Ventre*, we grant a limited remand of this appeal and order that the trial court conduct an evidentiary hearing and render a decision as to the actual date on which notice of judgment was mailed to the appellant's counsel of record by no later than July 25, 2016. Following this hearing and decision by the trial court, we order the

2

Office of the Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, to supplement the record in this appeal, in duplicate, with the transcript of the hearing, any evidence submitted at that hearing, and any pleadings filed and the judgment rendered subsequent to this remand.

As this court did in *B.R.C.*, 192 So.3d 897, since this court cannot rule on appellant's counsel's arguments without the taking of evidence, we hereby order a limited remand of this case for the trial court to hold a contradictory hearing and enter a ruling, no later than August 28, 2017. Additionally, we order the Office of the Clerk of Court for the Sixteenth Judicial District Court, Parish of St. Martin, to supplement the record in this appeal, in duplicate, with the transcript of this hearing, any evidence submitted at the hearing, any pleadings filed, and the judgment rendered subsequent to this remand.

**LIMITED REMAND ORDERED.**