# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 17-793


**CAREY DORSEY**

**VERSUS**

**PROTEMP STAFFING SOLUTIONS, INC.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 15-06413
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## VAN H. KYZAR

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.


**LIMITED REMAND ORDERED.**

**Stacy Christopher Auzenne**
**Auzenne Law Firm**
**3600 Jackson Street, #121**
**Post Office Box 11817**
**Alexandria, Louisiana 71315-1817**
**(318) 880-0087**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **ProTemp Staffing Solutions, Inc.**

**Charles William Farr**
**Attorney at Law**
**1966 North Highway 190, Suite B**
**Covington, Louisiana 70433**
**(985) 626-3812**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Boise Cascade Company**

**Carey Dwayne Dorsey**
**Post Office Box 562**
**Oberlin, Louisiana 70655**
**(337) 977-1244**
**APPELLANT:**
    **IN PROPER PERSON**

**KYZAR, Judge.**

Defendants-Appellees, ProTemp Staffing Solutions, Inc. (ProTemp Staffing) and Boise Cascade Company (Boise Cascade), move to dismiss this appeal. For the reasons given herein, we issue a limited remand of this appeal.

This case involves a workers' compensation action which was filed by Plaintiff-Appellant, Carey Dorsey. Plaintiff was hired by ProTemp Staffing as a temporary employee, and ProTemp Staffing sent Plaintiff to work for Boise Cascade. On September 21, 2011, while Plaintiff was attempting to open a door panel on a "chipper" at Boise Cascade's facility in Pineville, Louisiana, the chipper was placed in use and caused Plaintiff's body to jerk. As a result of that incident, Plaintiff sustained neck and back injuries. On October 9, 2015, Plaintiff filed suit against ProTemp Staffing and Boise Cascade. Boise Cascade stipulated that it was Plaintiff's special or borrowing employer, and a consent judgment to that effect was signed on August 23, 2016. Subsequently, the Plaintiff, ProTemp Staffing, and Boise Cascade reached a settlement agreement, and the settlement agreement was placed on the record on November 16, 2016. On January 17, 2017, the workers' compensation court signed an order approving the settlement as well as an order dismissing the lawsuit.

On March 2, 2017, Plaintiff filed with the workers' compensation court a disputed claim form whereby Plaintiff sought to reopen his workers' compensation case. Although Plaintiff had been represented by counsel in the prior proceedings, he acted in proper person when reopening his case. In response to Plaintiff's attempt to reopen the case, both ProTemp Staffing and Boise Cascade filed exceptions of res judicata, motions to enforce settlement, and motions for sanctions.

On April 12, 2017, the trial court held a hearing to address Plaintiff's request to have the settlement agreement previously entered into by the parties set aside. After taking the matter under advisement, the workers' compensation court found that Plaintiff had failed to prove that the settlement should be set aside or modified for fraud or misrepresentation pursuant to La.R.S. 23:1272. Therefore, on April 13, 2017, the workers' compensation court signed a judgment denying Plaintiff's request to set aside the settlement agreement and holding that Defendants' exceptions had been rendered moot. The notice of judgment was mailed on April 13, 2017.

On April 26, 2017, Plaintiff filed a motion for new trial or amendment of the April 13, 2017 judgment. The workers' compensation court conducted a hearing on Plaintiff's motion on June 12, 2017. Via a judgment signed on June 16, 2017, the workers' compensation court denied Plaintiff's motion for new trial and for amendment of judgment. The June 16, 2017 judgment also denies the exceptions of res judicata and motions for sanctions which had been filed by ProTemp Staffing and Boise Cascade. The notice of judgment was mailed on June 16, 2017. Plaintiff filed a motion for appeal on July 7, 2017, and the order of appeal was signed on July 10, 2017. The appeal was lodged in this court on September 1, 2017. Subsequently, both ProTemp Staffing and Boise Cascade filed motions seeking to have this court dismiss Plaintiff's appeal as untimely.

With regard to the timeliness issue, we note that La.Code Civ.P. art. 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In situations where an application for new trial is not filed, La.Code Civ.P. art. 2087 provides that a devolutive appeal may be taken within sixty days after the expiration of the delay for applying for a new trial,

and La.Code Civ.P. art. 2123 provides that a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial. In situations wherein an application for new trial is filed, La.Code Civ.P. art. 2087(A)(2) provides that a devolutive appeal may be taken within sixty days after "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial[,]" and La.Code Civ.P. art. 2123(A)(2) provides that a suspensive appeal may be taken within thirty days of "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial[.]"

In the instant case, the judgment denying the motion for new trial was signed on June 16, 2017, and the notice or judgment was mailed that same date. The appeal was filed on July 7, 2017, which is within thirty days of the mailing of the notice of judgment denying Plaintiff's motion for new trial. However, ProTemp Staffing and Boise Cascade argue that the appeal delay did not commence to run on the date on which the notice was mailed for the judgment denying Plaintiff's motion for new trial. They argue that Plaintiff's motion for new trial was filed untimely. In that regard, ProTemp Staffing and Boise Cascade note that the judgment at issue in this appeal was signed on Thursday, April 13, 2017, and that the notice of judgment was mailed on that same date. They argue that the seven-day period for filing a motion for new trial commenced to run on Friday, April 14, 2017, and ended on April 24, 2017, thus making the motion for new trial filed on April 26, 2017 untimely. However, we note that Friday, April 14, 2017, was Good Friday, which is a legal holiday. As such, the delay for filing the motion for new trial did not begin to run on that date. Rather, the delay for filing the motion for new trial commenced on April 17, 2017, and ended on April 25, 2017. Since the record indicates that the motion for new trial was filed on April 26, 2017, the motion appears to have been filed untimely. ProTemp Staffing and Boise Cascade point out that without a timely-filed motion for new trial, La.Code Civ.P. art. 2087

3

requires that the appeal be filed within 60 days of the mailing of notice of the final judgment. Since that notice was mailed on April 13, 2017, ProTemp Staffing and Boise Cascade assert that the motion for appeal filed on July 7, 2017, is untimely as it was filed more than sixty days after the notice of judgment was mailed.

However, pro se Plaintiff filed a response to the motions to dismiss the appeal. In that response, Plaintiff asserts that he fax-filed his motion to the Office of Workers' Compensation on April 24, 2017, and he submits to this court documentation purporting to prove that assertion. The issue of the alleged fax filing is relevant to the determination of whether the appeal should be dismissed as untimely; however, the record contains no information regarding a fax filing.

Recently, this court was faced with an appellate record that appeared to indicate that the motion for appeal had been filed untimely in a termination of parental rights case. *State in the Interest of J.A.*, 17-500 (La.App. 3 Cir. 6/28/17), 224 So.3d 411. However, in responding to a rule, issued by this court, to show cause why the appeal should not be dismissed as untimely, the appellant asserted that the certificate of service which appeared in the appellate record did not reflect the true facts of the service. In ordering a limited remand of the case in order to permit the appellant to provide this court with an appropriate record on which to decide the matter, this court wrote:

> While this court cannot consider evidence which is not of record for purposes of deciding this matter, this case presents a similar circumstance to that presented to it in *State in the Interest of B.R.C.*, 16-273 (La.App. 3 Cir. 5/25/16), 192 So.3d 897, in which this court did consider evidence not of record for purposes of deciding whether a limited remand for correction of the record should be ordered in the interest of justice. Thus, the appellant in *B.R.C.* asserted that a photocopy of the envelope showed that the district court did not place the notice of judgment into the mail on the date indicated in the certificate contained in the record.
>
> In *B.R.C.*, this court relied on *Ventre v. Pacific Indemnity Co.*, 391 So.2d 95 (La.App. 3 Cir. 1980), wherein the appellant filed a motion to remand the appeal in order to correct the record. Particularly poignant for this case, this court quoted *Ventre*, 391 So.2d at 96, "[a] clerk's certificate is not conclusively presumed to be

4

correct and may be corrected on proper showing. *Soileau v. Tri-State Mutual Insurance Co.*, 206 So.2d 716 (La.App. 3 Cir.1967)." This court then concluded in *B.R.C.*, 192 So.3d at 899:

> [T]his court cannot accept the photocopy of an envelope as evidence to be used on a decision on the merits. However, we can consider this photocopy for the purpose of deciding whether justice requires a remand of this case for the conducting of a hearing before the trial court in order to obtain a ruling from the trial court on the question as to the exact date on which notice of judgment was mailed. Thus, as this court did in *Ventre*, we grant a limited remand of this appeal and order that the trial court conduct an evidentiary hearing and render a decision as to the actual date on which notice of judgment was mailed to the appellant's counsel of record by no later than July 25, 2016. Following this hearing and decision by the trial court, we order the Office of the Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, to supplement the record in this appeal, in duplicate, with the transcript of the hearing, any evidence submitted at that hearing, and any pleadings filed and the judgment rendered subsequent to this remand.
>
> As this court did in *B.R.C.*, 192 So.3d 897, since this court cannot rule on appellant's counsel's arguments without the taking of evidence, we hereby order a limited remand of this case for the trial court to hold a contradictory hearing and enter a ruling, no later than August 28, 2017. Additionally, we order the Office of the Clerk of Court for the Sixteenth Judicial District Court, Parish of St. Martin, to supplement the record in this appeal, in duplicate, with the transcript of this hearing, any evidence submitted at the hearing, any pleadings filed, and the judgment rendered subsequent to this remand.

*State in the Interest of J.A.*, 17-500, pp. 2-3, 224 So.3d at 412-13.

Similarly, we find that in the instant case, a limited remand is required in order to permit the Plaintiff to establish on the record that he did timely fax-file his motion for new trial. Therefore, we hereby remand this case to the Office of Workers' Compensation for the limited purpose of allowing that court to conduct a contradictory hearing and enter a ruling as to whether the Plaintiff fax-filed the motion in a timely manner, by no later than January 16, 2018. We also order the workers' compensation court to forward this court a supplemental appeal which

5

includes the transcript of the hearing addressing Plaintiff's alleged fax-filed motion for new trial and the trial court's ruling on the timeliness of this motion.

**LIMITED REMAND ORDERED**.